| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| The United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Criminal H-11-545-1 |
| | § | |
| Saul Del Rosario, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Motion to Vacate

1. On September 12, 2011, Saul Del Rosario pleaded guilty to illegal reentry after deportation and was sentenced to 48 months imprisonment.

2. On June 11, 2012, Rosario moved to vacate his sentence under 28 U.S.C. § 2255. He wants a four-level reduction under the United States Sentencing Guidelines §5K3.1. He also argues he received ineffective assistance of counsel because his lawyer did not present an argument for a reduction under section 2255.

3. This was not Rosario's first immigration related offense. He was deported from the United States on May 9, 1995, November 20, 1998, and August 16, 2005. He was also convicted of entering the United States illegally in 1995, transporting an unlawful alien in 1998, and for being unlawfully present in 2001.

4. Under section 2255, a defendant may be eligible for up to a four-level departure. Defendants with an extensive criminal history or felony conviction for a violent offense are only eligible for a two-level departure.

5. Because of his criminal history, the guideline range of imprisonment for his sentence was 57 to 71 months. His 48-month sentence was effectively a three-level departure.

6.  Due to Rosario's extensive criminal history and propensity to recidivate, his approval for a reduction under section 2255 was highly unlikely. It is not surprising his lawyer did not make such an argument.

8.  Rosario's motion to vacate will be denied.

Signed on October 12/2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge